# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VERNON MARCUM,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0143**  (BOR Appeal No. 2049686)
(Claim No. 2013004984)

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vernon Marcum, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products Ravenswood, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 16, 2015, in which the Board reversed a July 23, 2014, Order of the Workers' Compensation Office of Judges. The Board of Review reinstated a December 13, 2012, claims administrator's decision finding that Mr. Marcum met the requirements for filing an occupational pneumoconiosis claim but modified the claims administrator's decision to reflect that Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis was June 30, 1991. In its Order, the Office of Judges modified the claims administrator's December 13, 2012, decision to reflect that Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis was August 31, 1999. In its December 13, 2012, decision, the claims administrator determined that Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis was October 30, 1990. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Marcum filed an application for workers' compensation benefits alleging that he developed occupational pneumoconiosis as a result of exposure to occupational dust hazards in the course of his employment as a maintenance foreman with Constellium Rolled Products. Mr. Marcum was employed by Constellium Rolled Products from 1987 until his retirement on September 1, 1999. On December 13, 2012, the claims administrator held Mr. Marcum's claim compensable for occupational pneumoconiosis after determining that he met the requirements for filing an occupational pneumoconiosis claim, that he was entitled to the benefit of the statutory presumption enumerated within West Virginia Code § 23-4-8c(b) (2009), and fixed Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis as October 30, 1990.

On August 13, 2013, Mr. Marcum was deposed. He testified that while employed as a maintenance foreman with Constellium Rolled Products, he was exposed to significant occupational dust hazards on a daily basis. Mr. Marcum further testified that he spent a large portion of his time in the "Hot Line" area of the plant, but went on to state that the nature of his employment frequently required him to move between various sections of the plant.

On March 13, 2014, Mike Merrifield, a Certified Industrial Hygienist employed by Constellium Rolled Products, authored an affidavit. Mr. Merrifield's affidavit covers the time period from October 31, 1990, through the date of Mr. Marcum's retirement, namely September 1, 1999. Mr. Merrifield noted that the nature of Mr. Marcum's employment within the maintenance department required that he perform work in several different areas of the plant, and he therefore included an analysis of data obtained from the "Fabrication West", "Hot Rolling", "Scalping", "Plate", and maintenance departments. Mr. Merrifield stated that the Occupational Safety and Health Administration (hereinafter "OSHA") performed a comprehensive inspection at Constellium Rolled Products from June of 1991 through October of 1991, with OSHA finding no evidence of occupational dust hazards associated with any of the departments referenced within the affidavit. Mr. Merrifield further stated that Constellium Rolled Products performs inspections and monitors dust and fiber levels using a standard National Institute for Occupational Safety and Health methodology under a well-documented chain of custody protocol. He stated that the principal of representative sampling, which is sanctioned and mandated by OSHA, was used to extrapolate data for the entire time period covered by the affidavit. Mr. Merrifield further stated that the sampling data revealed average concentrations of hazardous substances so far below recognized exposure limits for the substances in question that Mr. Marcum was not exposed to any abnormal, harmful, or hazardous quantities of dust or any other substance during the time period covered by the affidavit. Finally, Mr. Merrifield stated that based upon his investigation of the work environment in the departments referenced in the affidavit; the results of dust level sampling; and his own personal observations, experiences, and training as an industrial hygienist, Mr. Marcum was not exposed to any abnormal, excessive, or harmful quantities of dust or any other substance after October 30, 1990.

In its Order modifying the December 13, 2012, claims administrator's decision, the Office of Judges held that Mr. Marcum's proper date of last exposure to the hazards of occupational pneumoconiosis is August 31, 1999. The Board of Review reversed the Order of the Office of Judges and reinstated the December 13, 2012, claims administrator's decision but

2

modified Mr. Marcum's date of last exposure to the hazards of occupational pneumoconiosis to June 30, 1991. On appeal, Mr. Marcum asserts that the evidence of record demonstrates that he was exposed to the hazards of occupational pneumoconiosis until his last date of employment prior to his retirement, namely August 31, 1999.

The sole issue in the instant appeal concerns the identification of the proper date of Mr. Marcum's last exposure to the hazards of occupational pneumoconiosis. West Virginia Code of State Rules § 85-20-52.2 (2006) states:

> If the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges noted that Mr. Marcum testified that he performed a large portion of work in the "Hot Line" area of the plant and therefore only considered the data from Mr. Merrifield's affidavit obtained from that area of the plant. The Office of Judges concluded that the sampling data submitted in conjunction with Mr. Merrifield's report is not extensive and specific enough to Mr. Marcum's work area to meet the requirements contained within West Virginia Code of State Rules § 85-20-52.2. Further, the Office of Judges found that Mr. Marcum's deposition testimony is sufficient to demonstrate that he was exposed to occupational dust hazards until the date of his retirement, and therefore determined that his proper date of last exposure is August 31, 1999.

In its Order reversing the decision of the Office of Judges, the Board of Review took note of Mr. Merrifield's conclusion that Mr. Marcum was not exposed to occupational dust hazards after October 30, 1990. However, the Board of Review found that Mr. Merrifield's affidavit did not provide any information regarding Mr. Marcum's exposure to occupational dust hazards from October 31, 1990, through June of 1991. The Board of Review then determined that when considering the evidentiary record and the principal of representative sampling, Constellium Rolled Products was in compliance with OSHA permissible exposure levels for respirable dust hazards from July 1, 1991, pursuant to the OSHA comprehensive inspection beginning in June of

3

1991, until Mr. Marcum's retirement on September 1, 1999. The Board of Review then concluded that Mr. Marcum's proper date of last exposure is June 30, 1991.

We agree with the reasoning and conclusions set forth by the Board of Review. Although Mr. Marcum testified that he was exposed to the hazards of occupational pneumoconiosis until the date of his retirement, Mr. Merrifield's affidavit establishes that Mr. Marcum was not exposed to the hazards of occupational pneumoconiosis throughout the entirety of his employment with Constellium Rolled Products. Mr. Merrifield's affidavit establishes that air quality sampling was performed in compliance with all OSHA regulations and was conducted using a methodology approved by the National Institute for Occupational Safety and Health. The results of the sampling reveal that Mr. Marcum was not exposed to the hazards of occupational pneumoconiosis after June 30, 1991.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II